IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JONATHAN ELDON HUNSAKER and CHERYL LYNN HUNSAKER, | |
| Plaintiffs-Appellees, | Case No. 6:16-cv-00386-MC |
| v. | OPINION AND ORDER |
| UNITED STATES, | |
| Defendant-Appellant. | |

MCSHANE, Judge:

      The Internal Revenue Service (IRS) appeals the bankruptcy court's judgment awarding Jonathon and Cheryl Hunsaker emotional distress damages under 11 U.S.C. § 362(k). The court concluded the IRS's repeated violations of the automatic stay contained in § 362(a) caused the Hunsakers significant emotional harm. The IRS argues the Hunsakers' emotional distress was insufficient to award emotional distress damages. In the alternative, the IRS argues sovereign

1 – OPINION AND ORDER

immunity bars the Hunsakers' claims altogether. This second argument, whether the United States waived sovereign immunity for emotional distress damages under § 362(k), is a matter of first impression in the Ninth Circuit.

Sovereign immunity can only be waived by unequivocal, clear statutory language. *F.A.A. v. Cooper*, 132 S. Ct. 1441, 1448 (2012). Section 362(k) contains, at best, an ambiguous waiver for emotional distress damages. Ambiguities must be resolved in favor of immunity. *Id.* Therefore, sovereign immunity bars the Hunsakers' claims. The judgment of the bankruptcy court is REVERSED.

## BACKGROUND

The Hunsakers filed for Chapter 13 bankruptcy protection on November 5, 2012. Their filing triggered the automatic stay contained in 11 U.S.C. § 362(a). The automatic stay blocks creditors from collection attempts outside of court-supervised reorganization proceedings. In this case, the parties agree the IRS violated the automatic stay four times.

On December 2, 2013, the IRS sent the first of four notices to the Hunsakers demanding payment for back taxes. The notice bore the headlines "Final Notice" and "Notice Of Intent to Levy And Notice Of Your Right To A Hearing." The IRS sent similar notices on February 10, 2014; September 1, 2014; and December 8, 2014. Each notice violated the automatic stay. The IRS's violations allegedly caused the Hunsakers significant emotional harm.

The IRS presents compelling arguments regarding the merits of the Hunsakers' claims for emotional distress damages. For example, Mr. Hunsaker alleged only brief losses of appetite, stress, and mounting frustration after receiving the IRS notices. Appellant's Br. App. 185:14–20, 195:21–23, ECF No. 13-6. Therefore, Mr. Hunsaker likely never suffered an injury sufficient to support an award of emotional distress damages under § 362(k). *See In re Dawson*, 390 F.3d

1139, 1149 (9th Cir. 2004) ("Fleeting or trivial anxiety or distress does not suffice to support an award; instead, an individual must suffer significant emotional harm.").

Although Mrs. Hunsaker likely suffered legally sufficient harm in the form of debilitating migraine headaches, the evidence in the record does not necessarily connect Mrs. Hunsaker's migraines to the IRS's violations. For example, neither Hunsaker could remember if, or when, any specific IRS notice triggered a debilitating migraine. In fact, after receiving the third notice, when assurances from their attorney were allegedly wearing thin, Mrs. Hunsaker got up the next day and went to work as normal. Additionally, although Mrs. Hunsaker testified her prescription records would be the best indicator of when she experienced debilitating migraines, those records strongly suggest she experienced fewer migraines during the relevant time period. This Court is skeptical whether Mrs. Hunsaker established the required causal connection between the notices and her migraines. *In re Dawson*, 390 F.3d at 1149. This Court need not reach those issues, however, because sovereign immunity bars the Hunsakers' claims.

## STANDARD OF REVIEW

This Court reviews the bankruptcy court's conclusions of law de novo. *In re Dawson*, 390 F.3d at 1145.

## DISCUSSION

Sovereign immunity limits a district court's subject matter jurisdiction over actions brought against the United States. *Vacek v. United States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006). The United States "is immune from suit unless it has expressly waived such immunity and consented to be sued." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007). Legislative history cannot provide a waiver that otherwise appears ambiguous in the text of the statute. *Cooper*, 132 S. Ct. at 1448. In other words, the scope of the waiver must

3 – OPINION AND ORDER

be "clearly discernable" from the statutory language. *Id.* If the scope is unclear, this Court must accept the interpretation most favorable to the federal government. *Id.* Stated differently, the scope of any waiver of sovereign immunity is to be strictly construed in favor of the United States. *Dunn & Black*, 492 F.3d at 1088 (citation omitted). The party suing the United States bears the burden of demonstrating the existence of "an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).

Section 106(a) of the Bankruptcy Code clearly waives sovereign immunity for some claims under § 362(k). *See* 11 U.S.C. § 106(a) ("[S]overeign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to . . . [§] 362[.]"). Section 362(k) allows individual debtors injured by a creditor's willful violation of the automatic stay to recover "actual damages." In *Dawson*, the Ninth Circuit resolved the question of whether Congress intended "actual damages" to include claims for emotional distress. 390 F.3d at 1146. The court concluded allowing emotional distress damages best fulfills legislative intent to protect debtors from excessive psychological and emotional harm.[1] *Id.* at 1148. Therefore, "actual damages" in § 362(k) includes emotional distress damages under some circumstances.[2] *Id. Dawson* did not address sovereign immunity, however, because the dispute there involved only private parties. That emotional distress damages are available against private parties does not automatically authorize them against the federal government. After all, "when it comes to an award of money damages, sovereign immunity places the Federal Government on an entirely different footing than private parties." *Lane v. Pena*, 518 U.S. 187, 196 (1996).

---

[1] The *Dawson* court relied on the legislative history of the automatic stay provision generally, not on the legislative history for § 362(k), which does not exist. *See In re Schwartz-Tallard*, 803 F.3d 1095, 1100 (9th Cir. 2015) ("We do not have legislative history that speaks directly to Congress' purpose in enacting § 362(k).").

[2] When the Ninth Circuit decided *Dawson*, the damages provision was coded at § 362(h). In 2005, an amendment moved the provision to § 362(k) but left it otherwise unchanged.

The *Dawson* court concluded the phrase "actual damages" was ambiguous even given the text and context of § 362(k) as a whole. 390 F.3d at 1146. The legislative history discussed in *Dawson* cannot waive sovereign immunity where the text of § 362(k) otherwise remains ambiguous. *See Cooper*, 132 S. Ct. at 1448 ("Legislative history cannot supply a waiver that is not clearly evident from the language of the statute."). Because the phrase "actual damages" is ambiguous, this Court must construe § 362(k) in favor of immunity. *See id.* (any ambiguities in the statutory language must be strictly construed in favor of immunity, including ambiguities regarding the scope of the waiver). Reinforcing this conclusion is the fact that, before concluding "actual damages" includes emotional distress damages, the *Dawson* panel came to the opposite conclusion in an opinion it later withdrew. *Dawson v. Washington Mutual Bank, F.A.*, 367 F.3d 1174 (9th Cir.), *withdrawn*, 385 F.3d 1194 (9th Cir. 2004). The two *Dawson* opinions provide compelling proof that any waiver of sovereign immunity as to emotional distress damages in § 362(k) is, at best, implicit.

The Supreme Court's decision in *Cooper* also supports a limited reading of 362(k). Although *Cooper* specifically addressed the Privacy Act, not § 362(k), the Supreme Court addressed essentially the same question: if a statute waives sovereign immunity for "actual damages," does that waiver include emotional distress damages? *Id.* at 1447–48. The Supreme Court answered no. *Id.* at 1453. In doing so, the Supreme Court identified multiple plausible readings of "actual damages," even given the particular context of the Privacy Act. *Id.* In the context of § 362(k), the phrase "actual damages" displays the same chameleon-like qualities found in the Privacy Act; there are multiple plausible readings of § 362(k). Therefore, this Court must accept the reading most favorable to the federal government, which excludes emotional distress damages. *Cooper*, 132 S. Ct. at 1448; *Dunn & Black*, 492 F.3d at 1088.

5 – OPINION AND ORDER

Barring emotional distress damages against the federal government will not, as the bankruptcy court said, "swallow up the waiver of sovereign immunity altogether." Appellant's Br. App. 255:8, ECF No. 13-10. For example, the Bankruptcy Code unequivocally waives sovereign immunity for economic damages under § 362(k). Sections 106(a)(3) and 362(k), when read together, waive sovereign immunity for a "money recovery" of "actual damages." There is no plausible way to read "money recovery of actual damages" to exclude economic damages. Thus, the federal government cannot "escape liability for any form of damages" simply because it is immune from emotional distress damages under § 362(k).

## CONCLUSION

Sovereign immunity bars claims against the federal government seeking emotional distress damages under 11 U.S.C. § 362(k). Therefore, the bankruptcy court lacked jurisdiction to award the Hunsakers emotional distress damages. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."). The judgment of the bankruptcy court is REVERSED.

IT IS SO ORDERED.

DATED this 20th day of October, 2016.

_____
Michael McShane
United States District Judge

6 – OPINION AND ORDER