Case No. 6:16-cv-00386-MC

Bankr. No. 12-64782-fra13 (Bankr. D. Or.)
Adv. No. 14-06218-fra

_____

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
_____

In re JONATHON ELDON HUNSAKER and
CHERYL LYNN HUNSAKER,
Debtors.
_____

JONATHON ELDON HUNSAKER; CHERYL LYNN HUNSAKER
Plaintiffs-Appellees,

v.

UNITED STATES OF AMERICA,
Defendant-Appellant,
_____

ON APPEAL FROM THE JUDGMENT OF UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF OREGON
_____

### REPLY BRIEF OF APPELLANT ON REMAND
_____

| | |
|---|---|
| YAEL BORTNICK | BILLY J. WILLIAMS |
| Trial Attorney, Tax Division | United States Attorney |
| U.S. Department of Justice | District of Oregon |
| P.O. Box 683 | *Of Counsel* |
| Washington, D.C. 20044 | |
| 202-514-6632 (v) | |
| 202-307-0054 (f) | |
| Yael.Bortnick@usdoj.gov | |
| *Attorney for Appellant* | |

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................................... iii

**ARGUMENT** ............................................................................................................................... 1

    **A.**    *Dawson* **was wrongly decided.** ........................................................................................ 1

    **B.**    **The Bankruptcy Court incorrectly held that the circumstances make it obvious that a reasonable person would suffer significant harm.** ............................................ 1

    **C.**    **The evidence presented at trial does not support an award of damages for emotional distress.** ................................................................................................... 3

        1.   The "evidence" relied on by Appellees was not presented at trial. ........................... 4

        2.   On review of the evidence actually presented at trial, Appellees did not clearly establish significant harm. ........................................................................................ 5

**CONCLUSION** ........................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*In re Baird*, 319 B.R. 686 (Bankr. M.D. Ala. 2004)..................................................................2

*In re Beebe*, 435 B.R. 95 (Bankr. N.D.N.Y. 2010).......................................................................2

*In re Bourke*, 543 B.R. 657 (Bankr. D. Mont. 2015) ...................................................................5

*In re Dawson*, 390 F.3d 1139 (9th Cir. 2004)...............................................................1, 2, 3, 5, 7

*In re Flynn*, 185 B.R. 89 (S.D. Ga. 1995)...............................................................................1, 6, 7

*In re Ocasio*, 272 B.R. 815 (B.A.P. 1st Cir. 2002) .........................................................................6

*In re Parker*, 279 B.R. 596 (Bankr. S.D. Ala. 2002) .................................................................2, 3

*In re Van Durden*, 2015 WL 3507074 (Bankr. N.D. Cal. June 2, 2015) ........................................5

*In re Voll*, 512 B.R. 132 (Bankr. N.D.N.Y. 2014).........................................................................2

*Lodge v. Kondaur Ccapital Corp.*, 750 F.3d 1263 (11th Cir. 2014) ..............................................5

*Matter of Flynn*, 169 B.R. 1007 (Bankr. S.D. Ga. 1994).................................................................7

# ARGUMENT

### A. *Dawson* was wrongly decided.

As the United Stated in its Opening Brief, it recognizes that this Court is bound by *In re Dawson*, 390 F.3d 1139 (9th Cir. 2004). Therefore, while the United States restates its argument that *Dawson* was wrongly decided briefly to preserve the possibility that the United States may ask the Court of Appeals for *en banc* consideration to overrule *Dawson* if the decision below is not reversed on one of the additional grounds stated herein, it declines to elaborate on this argument.

### B. The Bankruptcy Court incorrectly held that the circumstances make it obvious that a reasonable person would suffer significant harm.

While an individual may establish emotional distress damages in several ways, generally corroborating evidence is necessary unless the circumstances make it obvious that a reasonable person would suffer significant emotional harm. *Dawson*, 390 F.3d at 1150 (citing *In re Flynn*, 185 B.R. 89 (S.D. Ga. 1995)). In this case, Mr. and Mrs. Hunsaker had no funds or other property seized and suffered no collateral consequences that would make emotional distress "obvious." Thus, the Bankruptcy Court erred in holding that mailing four Notices demanding payment but without any actual levy, collection, or extraordinary harassment such as repeated telephone calls would "obviously" cause a reasonable person to suffer significant harm.

Appellees' argument to the contrary is not persuasive. First, Appellees argue that a reasonable person would suffer significant harm simply because the Notices "deprived Appellees of [the] protection" of the automatic stay. ECF No. 27 at 11. However, if that were the standard, literally every violation of the automatic stay would entitle debtors to damages for emotional distress. This is clearly not the standard contemplated by Congress, as recognized by the Ninth

Circuit in *Dawson*. 390 F.3d at 1149 ("[N]ot every willful violation merits compensation for emotional distress.").

Second, Appellees recognize that in similar circumstances—where a creditor has mailed one or more collection notices—courts have routinely held that the circumstances do not make it obvious that a reasonable person would suffer significant emotional harm. Unable to distinguish this line of cases on another ground, Appellees instead ask this Court to impose a heightened standard where the stay violation was committed by "an agency of the government." ECF No. 27 at 12. However, no court has imposed such a heightened standard on governmental agencies. To the contrary, multiple courts have declined to award damages for emotional distress without corroborating evidence even where the creditor was a governmental agency, including in circumstances where the stay violation involved actual collection activity. *See*, *e.g.*, *In re Voll*, 512 B.R. 132, 140 (Bankr. N.D.N.Y. 2014) (denying debtors damages for emotional distress despite finding that the New York State Department of Taxation and Finance willfully violated the automatic stay by garnishing debtors' paychecks). *See also In re Beebe*, 435 B.R. 95, 97 (Bankr. N.D.N.Y. 2010) (finding no emotional distress where the United States Small Business Administration ("SBA") willfully violated the automatic stay by sending three notices to debtor because debtor's attorney assured debtor that he would take care of the notice, debtor did not seek medical care or treatment, and debtor did not suffer any pecuniary loss as a result of SBA's actions); *In re Baird*, 319 B.R. 686, 690 (Bankr. M.D. Ala. 2004) (awarding no damages for emotional distress despite finding that the IRS willfully violated the automatic stay); *In re Parker*, 279 B.R. 596, 604 (Bankr. S.D. Ala. 2002) (holding that emotional distress allegedly caused by the IRS is not compensable without either medical evidence or an actual taking of debtor's property).

As the United States demonstrated in its Opening Brief, the appropriate standard under *Dawson* is that damages for emotional distress should not be available for violations of the stay unless *either* there is actual collection activity *or* threats that rise to a level of serious misconduct. Such damages should not be available where the creditor has merely mailed a few letters demanding payment and threatening collection if payment is not made—i.e., ordinary and rather benign debt collection efforts that likely reflect that the creditor's employees sending the particular notices were unaware of the bankruptcy stay. Appellees did not receive any phone calls, personal visits, foreclosure or eviction notions, nor did they have any funds or other property seized. It follows that it was not obvious under the circumstances that a reasonable person would suffer significant emotional harm.

As a legal matter, the Court should hold that the circumstances here are not sufficient to absolve Mr. and Mrs. Hunsaker of the requirement to present corroborating evidence in order to establish significant harm, because there was *neither* actual collection activity *nor* egregious conduct demanding payment. *See Parker*, 279 B.R. at 604 (holding that emotional distress is not compensable without either physical evidence or an actual taking of debtor's property).

### C. The evidence presented at trial does not support an award of damages for emotional distress.

Appellees agree with the United States that to be compensable, Mr. and Mrs. Hunsaker had the burden to show that their emotional distress was more than fleeting, trivial, or medically insignificant, but argue that they met their burden by showing that their distress "meaningfully interfered" with their normal life. ECF No. 27 at 13-14. However, the Bankruptcy Court abused its discretion in holding that the injuries were "neither trivial nor insubstantial," and by failing to address whether their distress was (1) fleeting or (2) medically insignificant. Because the Bankruptcy Court's opinion did not address these requirements, and because the evidence at trial

Reply Brief of Appellant on Remand 3

clearly established that any emotional distress experienced by Mr. and Mrs. Hunsaker was both fleeting and medically insignificant, the Court should overturn the award of damages for emotional distress.

       1. <u>The "evidence" relied on by Appellees was not presented at trial.</u>

As an initial matter, the record on appeal contradicts Appellees' "Statement of the Case." *See* ECF No. 27 at 5-6. Rather than cite to specific testimony, Appellees cite to a nearly 50-page portion of the trial transcript as support for their claims that, as a result of the Notices, (1) Mrs. Hunsaker increased her medication intake and had to miss work, (2) Mr. Hunsaker is a diabetic whose medication intake also increased, and (3) both Mr. and Mrs. Hunsaker suffered from a loss of sleep and loss of appetite. *Id.* (citing App. 169-217). Similarly, Appellees' "Argument" section relies on a more than 200-page section of the record on appeal for the propositions that (1) Mrs. Hunsaker "had to call out of work" and "spent days in bed" due to the Notices, and that (2) Mr. Hunsaker provided testimony "related to his increased blood sugar levels" and his "loss of sleep." ECF no. 27 at 16-17 (citing App. 16-217). These allegations are unsupported by the trial record.

In sharp contrast to Appellees' unsupported allegations, the evidence at trial actually established that Mrs. Hunsaker refilled her migraine medication less frequently during the time period that Appellees received the Notices than either before or after the Notices were sent. (App. 134-36, App. 211-13.) Mrs. Hunsaker also used fewer hours of sick leave and vacation time in 2014 (the year that three of the four Notices were received) than she did in previous years. (App. 137, 214-15.) Rather than spending "days in bed," Mrs. Hunsaker testified that after a night's rest, she was able to "keep carrying on" with her normal life. (App. 200.)

With respect to Mr. Hunsaker, despite Appellees' claims to the contrary, there simply was no testimony related to his blood sugar levels or loss of sleep. (*See* App. 240, 249.). The only reference to Mr. Hunsaker's diabetes at trial was in response to a question regarding Mr. Hunsaker's supposed loss of appetite. (App. 196). In answering that question, Mr. Hunsaker admitted he could not say whether the Notices had any impact on his diabetes. (*Id*.) No other evidence regarding Mr. Hunsaker's diabetes was presented at trial. In fact, the only evidence of Mr. Hunsaker's supposed "harm" was his and his wife's testimony that after reading the notices he ground his teeth, his temples would go in and out, and he became upset. Moreover, rather than testify to any mental anguish experienced by Mr. Hunsaker, Mrs. Hunsaker testified that "[h]e was maintaining his cool" in response to the Notices. (App. 199). Thus, Appellees' Statement of the Case should be disregarded by the Court.

2. <u>On review of the evidence actually presented at trial, Appellees did not clearly establish significant harm.</u>

Turning to the evidence actually presented at trial, it is apparent that Appellees did not meet their burden to clearly establish significant harm. Appellees do not dispute that any harm they experienced lasted at most for a day or two and was ameliorated by speaking with their attorney. More importantly, Appellees do not dispute that their harm was "medically insignificant." The evidence at trial established that despite having regular doctor's visits, neither Mr. nor Mrs. Hunsaker sought medical care for their emotional distress. Thus, any "harm" they experienced is not compensable. *See, e.g.*, *Lodge v. Kondaur Ccapital Corp.*, 750 F.3d 1263, 1272 (11th Cir. 2014) (debtors could not establish a causal connection between their injuries and the stay violation where they failed to provide evidence of doctor's visits); *In re Van Durden*, 2015 WL 3507074, *5 (Bankr. N.D. Cal. June 2, 2015) (holding that debtor did not seek any medical help as a result of the stay violations and therefore could not meet the *Dawson* standard);

*In re Bourke*, 543 B.R. 657, 665 (Bankr. D. Mont. 2015) (the fact that debtor did not seek medical attention for the additional stress of stay violation was a factor in denying damages). The evidence simply does not support Appellees' claim that Notices meaningfully interfered with their normal life in any meaningful way.

Appellees rely on *In re Ocasio*, 272 B.R. 815 (B.A.P. 1st Cir. 2002), to argue that their testimony should be sufficient to support the damages award. In *Ocasio*, the creditor approached the debtor in person and threatened to collect his outstanding debt "from his face." 272 B.R. at 821. Feeling that the creditor was an aggressive person, and knowing that he carried a gun, the debtor was afraid. *Id*. Days after the incident, the debtor was still not feeling well and went to a doctor who recommended he take medication for his nerves. *Id*. The debtor's account was corroborated by his wife's testimony that he had to seek medical treatment. *Id*. In view of the "unrebutted testimony," the Bankruptcy Appellate Panel upheld the award of damages. *Id*. at 825. Moreover, the Bankruptcy Appellate Panel held that punitive damages were justified, noting that "[w]hen one considers the spectrum of stay violations *from mailing bills or account statements* to harassing telephone calls, automobile repossessions and home foreclosures, an instance where bodily harm is threatened is, as the bankruptcy court recognized, serious indeed." *Id*. at 826 (emphasis added). In sharp contrast, the conduct here – passively mailing Notices – is at the other end of the spectrum. And more importantly, Appellees' did not seek medical treatment and their testimony regarding their damages was not "unrebutted." Rather, the United States presented evidence at trial in the form of prescription drug records and employment records that directly countered Appellees' description of their supposed harm.

Similarly, Appellees' reliance on *In re Flynn*, 185 B.R. 89, for the proposition that no corroborating evidence is necessary is misplaced. In that case, although there was "no mention of

corroborating testimony," (ECF No. 27 at 17), the Bankruptcy Court relied on the fact that "the evidence was *uncontradicted* that [the debtor] was forced to endure the stress of knowing that a number of her checks would bounce and dealing with those payees, the emotional trauma of having to cancel a planned birthday party for her child, and the humiliation of being unable, without considerable difficulty and commotion, to negotiate a check for groceries at her neighborhood supermarket." *Matter of Flynn*, 169 B.R. 1007, 1023 (Bankr. S.D. Ga. 1994) *aff'd in part, rev'd in part sub nom. In re Flynn*, 185 B.R. 89 (S.D. Ga. 1995) (emphasis added). In contrast, in this case, medical evidence in the form of prescription records was introduced which directly contradicts Appellees' claims of emotional distress.

Mr. and Mrs. Hunsaker failed to establish that any emotional distress they suffered was neither fleeting nor medically insignificant, and therefore, they failed to meet their burden to prove significant harm under the *Dawson* standard.

## **CONCLUSION**

The Court should reverse the judgment of the Bankruptcy Court and remand with instructions to enter judgment in favor of the United States on the merits.

Respectfully submitted this 19th day of April, 2019.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Yael Bortnick*
YAEL BORTNICK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6632 (v)
202-307-0054 (f)
Yael.Bortnick@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Keith D. Karnes; kkarnes@keithkarnes.com

>  */s/ Yael Bortnick*
> YAEL BORTNICK
> Trial Attorney
> United States Department of Justice, Tax Division