IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHON ELDON HUNSAKER and
CHERYL LYNN HUNSAKER,

    Plaintiffs-Appellees,     Case No. 6:16-cv-00386-MC

    v.                          OPINION AND ORDER

UNITED STATES,

    Defendant-Appellant.
_____

MCSHANE, Judge:

    The Internal Revenue Service (IRS) appeals the bankruptcy court's judgment awarding Jonathon and Cheryl Hunsaker emotional distress damages under 11 U.S.C. § 362(k). The bankruptcy court concluded the IRS's repeated violations of the automatic stay caused the Hunsakers significant emotional harm. The IRS argues any emotional distress suffered by the Hunsakers was too fleeting or insignificant to support an award of emotional distress damages under § 262(k). Because the bankruptcy court neither erred nor abused its discretion in awarding emotional distress damages to the Hunsakers, the bankruptcy court's judgment is AFFIRMED.

## BACKGROUND

    The Hunsakers filed for Chapter 13 bankruptcy protection on November 5, 2012. Their filing triggered the automatic stay contained in 11 U.S.C. § 362(a). The automatic stay blocks

1 – OPINION AND ORDER

creditors from collection attempts outside of court-supervised reorganization proceedings. In this case, the parties agree the IRS violated the automatic stay four times.

On December 2, 2013, the IRS sent the first of four notices to the Hunsakers demanding payment for back taxes. The notice bore the headlines "Final Notice" and "Notice Of Intent to Levy And Notice Of Your Right To A Hearing." The IRS sent three similar notices on February 10, 2014, September 1, 2014, and December 8, 2014. Each notice violated the automatic stay. After each notice, the Hunsakers contacted their attorney and the attorney contacted the IRS notifying it of the automatic stay. The Hunsakers alleged the violations caused them significant emotional harm. As the Hunsakers' claim is not barred by sovereign immunity, *see Hunsaker v. United States*, 902 F.3d 963, 971 (9th Cir. 2018), this Court now addresses the bankruptcy court's emotional damages award.

## STANDARD OF REVIEW

This Court reviews the bankruptcy court's findings of fact for clear error "and review[s] for abuse of discretion the [bankruptcy] court's decision whether to award emotional distress damages and, if so, how much to award." *In re Dawson*, 390 F.3d 1139, 1150 (9th Cir. 2004) (internal citations omitted). A bankruptcy abuses its discretion if it bases its decision on an incorrect legal rule, or if applies the correct rule but its "application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).

## DISCUSSION

To receive emotional distress damages resulting from a violation of the automatic stay, a plaintiff "must suffer (1) suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the

automatic stay (as distinct, for instance, from the anxiety and pressures inherent in the bankruptcy process)." *Dawson*, 390 F.3d at 1149. Even if the violation was not egregious, and even in the absence of corroborating evidence, emotional damages are available if "the circumstances . . . make it obvious that a reasonable person would suffer significant emotional harm." *Id.* at 1150 (citing *In re Flynn*, 185 B.R. 89, 93 (S.D. Ga. 1995).

The bankruptcy court applied the three-part *Dawson* test. In doing so, it noted that despite the automatic stay, the Hunsakers received four notices from the IRS. ECF 13-10, 2. The notices demanded payment and threatened imminent enforcement should the Hunsakers not make the payment. *Id.* Two of the notices threatened to levy Mr. Hunsaker's social security benefits, and another threatened to levy the Hunsakers' state tax refund. *Id.* After the first notice, the notices continued even though the Hunsakers' attorney contacted the IRS following each notice. *Id.* The bankruptcy court reasonably found that the Hunsakers believed that if the IRS took the threatened actions in the notices, it would jeopardize their Chapter 13 reorganization efforts. This finding is supported by the record. *See* ECF 13-9 43:7-21 (Ms. Hunsaker testified at being "quite shocked" upon receiving the notices because the IRS agreed to the reorganization plan "and now they're telling it's the full amount. And these are the big guys. They're the IRS, so they can do— I am under the impression they can do what they're going to do.").

The bankruptcy court did not clearly err in finding that both the Hunsakers experienced credible and significant emotional harm. Evidence introduced at trial supports a finding that following each notice, Mrs. Hunsaker experienced day-long migraine headaches, stiffening of her neck, appetite loss, and added anxiety and frustration. *Id.* at 21:10-14, 40:15-23, 44:21-22, 45:6-9, 52:8-15, 53:21-24. Also, from the notices, Mr. Hunsaker experienced loss of appetite and extra stress over his wife's harm. *Id.* at 30:14-20, 40:21-23, 52:23-25. They both feared losing

Mr. Hunsaker's social security income because the IRS threatened to levy his social security benefits. *Id.* at 18:14-25, 32:6-11, 47:3-15. This would have rendered the Hunsakers' Chapter 13 plan unfeasible. *See id.* at 31:6-9, 47:3-15. Mr. Hunsaker would have lost significant additional income on top of the previous loss of income that led to bankruptcy. *Id.* at 30:8-20, 47:3-15. The notices are stressors distinct from bankruptcy's inherent pressures and would not have existed but for the IRS' repeated automatic stay violations. *See id.* at 43:11-16 (Ms. Hunsaker testified that "we thought everything was in control. We were making our bankruptcy payments" and then the notices arrived demanding immediate payment).

The bankruptcy court did not abuse its discretion in awarding emotional damages to the Hunsakers. The bankruptcy court applied the correct legal rule: *Dawson*, 390 F.3d at 1149 (referring to the three-part test above). ECF 13-10 4:15-16. And, it applied *Dawson* logically, finding that the record and the testimony established that the IRS's repeated violations caused the Hunsakers significant emotional harm. *Id.* at 5:22-26, 6:1-14. The bankruptcy court noted the Hunsakers' prayer for "a modest award of $5,000 for the two of them." *Id.* at 6:15-16. It noted the significant, but "not overwhelming" nature of the Hunsakers' damages. *Id.* at 6:18. In awarding the Hunsakers' damages, it cited the record and exercised its reasoned judgment to reduce the award by $1,000, resulting in a $4,000 award. *See id.* at 6:21-22. The award compensated Mrs. Hunsaker $3,000 for her more intense harm. *Id.* at 6:21. Because the bankruptcy court applied the correct law and logically based its decision off testimony and the record, this Court affirms the Hunsakers' $4,000 emotional damages award.

/ / / /

/ / / /

**CONCLUSION**

The bankruptcy court neither erred nor abused its discretion in awarding emotional distress damages to the Hunsakers. Thus, the bankruptcy court's judgment is AFFIRMED. IT IS SO ORDERED.

DATED this 20th day of July, 2019.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge