**KEITH D. KARNES**, OSB # 033521
keith@rankkarneslaw.com
Rank & Karnes Law, PC
2701 12th St. S.E.
Salem, OR 97302
Tel: (503) 385-8888
Fax: (503)385-8899
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JONATHAN HUNSAKER, AND CHERYL HUNSAKER,<br><br>       Plaintiffs,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | Case No. 6:16-cv-00386-MC<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS |

## INTRODUCTION

Plaintiff Jonathan Hunsaker and Plaintiff Cheryl Hunsaker ("Plaintiffs") have prevailed

on their claims for relief against defendant United States of America ("United States"). The

court has entered a judgment against the United States for its violation of the automatic stay 11

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS- 1

U.S.C. § 362.  The automatic stay provides that a prevailing plaintiff may recover attorney fees and costs.

## ARGUMENT

### I. Plaintiffs are entitled their attorney fees under the bankruptcy code.

The automatic stay provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees." 11 U.S.C. § 362.

### II. Lodestar/multiplier approach.

The Ninth Circuit has adopted a lodestar/multiplier approach for assessing the amount of reasonable attorney fees. *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990), *citing Hensley v. Eckerhart*, 461 U.S. 424, 433, 434 n.9, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The lodestar/multiplier analysis has two parts. The Court first calculates the lodestar amount by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  This methodology results in a "presumptively reasonable" fee award. *Id*.

The Court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the

professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

After determining the lodestar amount, the court assesses whether to adjust the lodestar upward or downward based on the *Kerr* factors that are "not already subsumed in the initial calculation of the lodestar." *Morales*, 96 F.3d at 363-64.

The lodestar fee is $149,529.50 based upon 303.4 hours at the rates described below.

|  | Initials | Rate | Hours | Lodestar |
|---|---|---|---|---|
| Keith Karnes (1.27.16) | KK1 | $300.00 | 27.4 | 8,220 |
| Keith Karnes (1.27.16 Travel) | KK2 | $150.00 | 4.8 | 720 |
| Keith Karnes (5.12.2016) | KK3 | $315.00 | 8.1 | 2,551.5 |
| Ellizabeth Romersa (1.27.16) | ER1 | $125.00 | 4.4 | 550 |
| Elizabeth Robersa (5.12.2016) | ER2 | $115.00 | 0.9 | 103.5 |
| Jacki Normand | JN | $115.00 | 1.2 | 138 |
| Daniel L. Geyser | DGL1 | $700.00 | 53.9 | 3,7730 |
| Daniel L. Geyser | DGL2 | $795.00 | 0.7 | 556.5 |
| Elizabeth Brannen | EB | $700.00 | 4.3 | 3,010 |
| Douglas D. Geyser | DG | $500.00 | 185.3 | 92,650 |
| Nathan Small | NS | $150.00 | 9.2 | 1380 |
| Michael Donofrio | MD | $600.00 | 3.2 | 1920 |
| **Total** | | | **303.4** | **149,529.50** |

III. **Hourly Rates.**

The appropriate hourly rate is that rate which is charged by attorneys of similar skill and experience for comparable legal services in the community. *Blum v. Stenson,* 465 U.S. 886, 893-894, 104 S.Ct. 1541,79 L.Ed.2d 891 (1984).

Here, the hourly rates are at or below the market for litigation ranging from the trial at the US Bankruptcy Court to the Ninth Circuit Court of Appeals. Karnes' hourly rate has been

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS- 3

approved repeatedly by the US Bankruptcy Court for work performed before it.

**Hours Incurred.**

Plaintiffs' attorneys have spent 303.4 hours on the case, which are detailed as exhibits to the Declaration of Keith Karnes.

## IV. Kerr Factors.

The Kerr factors militate toward additional fees. Here, the plaintiffs' counsel did all work on a contingent basis. The time was extensive given that this case went to trial and then was appealed three times. As noted by the bankruptcy court prior to trial the plaintiffs were only seeking $5,000. Yet, the IRS continued to litigate and caused the plaintiffs to incur reasonable fees in excess of $150,000. Unlike the IRS who has attorneys that are paid win or lose, the plaintiff's counsel is only paid upon prevailing. When the fee is contingent, the fee award should compensate counsel for the risk of receiving no compensation. See, e.g., *Blum v. Stenson*, 465 U.S. 886, 903, 104 S. Ct. 1541, 79 L. Fd. 2d 891 (1984) (Brennan, J., concurring); *Fabri v. United Techs Int'l, Inc.*, 193 F. Supp. 2d 480, 486 (D. Conn. 2002). Accord *Griffin v. Tri-County Metropolitan Transportation District of Oregon*, 112 Or. App. 575, 585, 831 P.2d 42 (1992) ("[C]ounsel who successfully undertake the cases for a contingency fee are generally compensated at rates greatly exceeding standard billing rates for general legal services.").

Moreover, the fee award should permit counsel "to earn an income that would be competitive with colleagues who get paid win or lose." *Bayless v. Irv Leopold Imports, Inc.*, 659 F. Supp. 942, 944 (D. Or. 1987), citing *Blum*, 465 U.S. at 903.

## CONCLUSION

For the reasons set forth above, plaintiffs ask the Court to award attorney fees and costs as described herein.

Dated: August 12, 2019

                                         RESPECTFULLY SUBMITTED,

                                         /s/ Keith D. Karnes
                                         Keith D. Karnes, OSB No. 033521
                                         Attorney for Plaintiffs
                                         Rank & Karnes Law, PC
                                         2701 12th St. SE
                                         Salem, Oregon 97302
                                         keith@rankkarnes.com
                                         (503) 385-8888

# CERTIFICATE OF SERVICE

I, Keith Karnes, certify that I filed the foregoing document via ECF which will in turn serve:

Keith D. Karnes keith@rankkarneslaw.com, 9982680420@filings.docketbird.com, jacob@rankkarneslaw.com

Boris Kukso boris.kukso@usdoj.gov, western.taxcivil@usdoj.gov

Yael Bortnick Yael.Bortnick@usdoj.gov, western.taxcivil@usdoj.gov

Dated: August 5, 2019

                                              /s/ Keith D. Karnes
                                              Keith D. Karnes, OSB No. 033521