RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

YAEL BORTNICK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6632 (v)
202-307-0054 (f)
Yael.Bortnick@usdoj.gov

Of Counsel:
BILLY J. WILLIAMS
United States Attorney

*Attorneys for the United States*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| JONATHAN ELDON HUNSAKER and CHERYL LYNN HUNSAKER, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant-Appellant. | Case No. 6:16-cv-00386-MC <br><br> Bankr. Case No. 12-64782-fra13 <br> Adv. Proc. No. 14-06218-fra <br><br> UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION OF PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS |

Plaintiffs-Appellees Johnathon and Cheryl Hunsaker filed a Motion for Attorney Fees and Costs, requesting $149,529.50 in attorney fees and $505.00 in costs. (Dkt. # 36.) But the Hunsakers' motion, and accompanying memorandum (Dkt. # 37), fails to note that the Bankruptcy Court previously denied their request for attorney fees, and the Hunsakers never filed a notice of appeal. Even had they appealed, the Hunsakers do not allege that they exhausted

their administrative remedies as to their attorney fees and costs. For each of these reasons, their motion should be denied for lack of jurisdiction.

A.     **Factual Background**

Plaintiffs initiated this action in the United States Bankruptcy Court for the District of Oregon on December 5, 2014, alleging that the Internal Revenue Service had violated the automatic stay imposed by 11 U.S.C. § 362. (App. 3-6.)[1]

Plaintiffs sought compensatory damages for emotional distress, punitive damages, and costs and reasonable attorney's fees. (App. 6.) The United States moved for summary judgment on the basis that sovereign immunity had not been waived for an award of either punitive damages or damages for emotional distress. (App. 14-40.) Additionally, the United States alleged that even assuming sovereign immunity had been waived, Mr. and Mrs. Hunsaker could not meet their burden to establish that they are entitled to an award for emotional-distress damages. (*Id.*) The Bankruptcy Court held that the United States had not waived sovereign immunity for punitive damages, but denied the United States summary judgment on the emotional-distress damages claim. (*See* App. 144; 255 n.3.)

The matter was tried on January 6, 2013. Following trial, the Bankruptcy Court awarded Mrs. Hunsaker emotional-distress damages in the amount of $3,000 and Mr. Hunsaker emotional-distress damages in the amount of $1,000. (App. 257, 259-60, 270-71.) The Bankruptcy Court directed the Hunsakers to submit a form of judgment awarding Plaintiffs' reasonable attorney's fees and to submit a statement detailing Plaintiffs' claim for reasonable

---

[1] "App." References are to the appendix filed as ECF No. 13-1 through 13-13.

attorney's fees. (App. 258). The Court further stated that the Government would have 14 days to object to the claim. *Id*.

Plaintiffs submitted their petition for attorney's fees on January 27, 2016, which requested attorney fees pursuant to Fed. R. Civ. P. 54(d). However, before the United States had an opportunity to object, the Bankruptcy Court entered judgment on February 1, 2016, stating, "Plaintiffs are entitled to their reasonable attorney fees." (App. 259-60.) The United States moved for the Court alter or amend the Judgment to comply with the controlling law and deny Plaintiffs' request for attorney fees. (*See* App. 270.) The Bankruptcy Court subsequently denied Plaintiffs' petition for attorney fees, granted the United States' motion, and amended the judgment to eliminate the reference to attorney fees. (App. 270-71).

The United States filed a Notice of Appeal, and elected to have the appeal heard by this Court. (App. 261-69). The Hunsakers never filed a Notice of Appeal from the Bankruptcy Court's ruling on their request for attorney fees.

On appeal, this Court initially ruled in favor of the United States and reversed the judgment of the Bankruptcy Court. (Dkt. # 19.) While the Court noted that the "IRS presents compelling arguments regarding the merits of the Hunsakers' claims for emotional distress damages," it did not reach those issues because it held that sovereign immunity bars the Hunsakers' claims. (*Id*.) The Hunsakers appealed to the Ninth Circuit, which reversed the District Court's judgment and held that sovereign immunity had been waived for an award of emotional distress damages. (Dkt. # 23.) In so doing, the Ninth Circuit recognized that it disagreed with the prior holding of the First Circuit in *United States v. Rivera Torres (In re Rivera Torres)*, 432 F.3d 20 (1st Cir. 2005), which was the only circuit court to have previously

ruled on the issue. (Dkt. # 23-1.) On remand, this Court affirmed the Bankruptcy Court's judgment. (Dkt. # 29.)

The Hunsakers now move for attorney fees and costs. (Dkt. # 36.) For the reasons that follow, their motion should be denied.

**B.     Argument**

1. <u>The Court does not have jurisdiction to review the Bankruptcy Court's order denying attorney fees.</u>

Although they attempt to simply ignore it, the fact that the Bankruptcy Court entered an Order denying their previous petition for attorney fees is fatal to the Hunsakers' present motion. Pursuant to Fed. R. Bankr. P. 8022, a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed. The Hunsakers did not file a notice of appeal from the Bankruptcy Court's order denying their previous petition for attorney fees. The failure to file a notice of appeal "deprives the appellate court of jurisdiction to review the bankruptcy court's order." *In re Mouradick*, 13 F.3d 326, 327 (9th Cir. 1994). *See also Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 1001 (9th Cir. 2012) (interpreting the analogous Fed. R. App. P. 4 and holding that "[a] timely notice of appeal from the judgment or order complained of is mandatory and jurisdictional.") (internal quotations omitted). The Hunsakers' failure to file a timely notice of appeal deprives this Court of jurisdiction to hear their challenge to the Bankruptcy Court's order denying them attorney's fees.

2. <u>The Statutory Prerequisites for Award of Fees and Costs Have Not Been Met.</u>

Section 7430 of the Internal Revenue Code, 26 U.S.C., is the exclusive vehicle for seeking an award of litigation costs, including attorneys' fees, for actions under section 362(k) of the Bankruptcy Code, 11 U.S.C. *See* 26 U.S.C. § 7433 ("[A]dministrative and litigation costs in

connection with [an action under section 362(k)] may only be awarded under section 7430");
*Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1560 (11th Cir. 1996) (holding that while the bankruptcy code waives sovereign immunity for attorney fees, such awards must be consistent with § 7430). It is fundamental that the United States cannot be sued except in strict accordance with the terms of a specific waiver of sovereign immunity granted by Congress. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992); *United States v. Dalm*, 494 U.S. 596, 608 (1990). Waivers of sovereign immunity, moreover, must be strictly construed in favor of the Government. *See Nordic Village, Inc.*, 503 U.S. at 34. Under 26 U.S.C. § 7430, Congress has waived the Government's sovereign immunity to suits for attorney's fees and costs in tax cases, provided, however, that certain conditions are met. The Hunsakers have not met these statutory prerequisites.

Pursuant to 26 U.S.C. § 7430(a), a prevailing party in any administrative or court proceeding brought by or against the United States may be awarded reasonable administrative and litigation costs. These costs include fees paid for the services of attorneys, capped at $125 per hour (subject to cost-of-living adjustments), unless there are special factors justifying a higher rate. *See* 26 U.S.C. § 7430(c)(1)(B). The court has discretion to award fees and costs under 26 U.S.C. § 7430. *See Nicholson v. Commissioner*, 60 F.3d 1020, 1026 (3d Cir. 1995). Section 7430 defines "prevailing party" as substantially prevailing with respect to the amount in controversy, or substantially prevailing with respect to the most significant issue or set of issues. 26 U.S.C. § 7430(c)(4)(A).

In the instant case, the Bankruptcy Court found, and this Court affirmed, that the Hunsakers sustained significant emotional damages as a result of the Internal Revenue Service's stay violations and entered judgment in their favor. But the judgment does not automatically

render them eligible for an award of fees and costs. In order to recover an award of either administrative or litigation costs under 26 U.S.C. § 7430, the Hunsakers must, at a minimum, meet two procedural prerequisites: (1) the debtor must file an administrative claim for damages with the IRS, 26 U.S.C. § 7430(b)(1), and (2) the debtor must be the "prevailing party," as defined in 26 U.S.C. § 7430(c)(4), s*ee* 26 U.S.C. § 7430(a).

The plain language of 26 U.S.C. § 7430(b)(1) requires that to be entitled to litigation costs (including attorney's fees) from the IRS, the taxpayer must exhaust administrative remedies before bringing suit. 26 U.S.C. § 7433(e)(2)(B) plainly precludes an award of attorney's fees incurred in a § 362(k) action for the purpose of claiming monetary damages to compensate such direct injury, unless an administrative claim for damages is submitted to the IRS. *See also* 26 C.F.R. §§ 301.7430-1(e)(2), 301.7433-2(b)(2), & 301.7433-2(h) (regulations confirming that litigation costs are not recoverable as actual damages unless an administrative claim has been previously filed). To be clear, a debtor may recover attorney's fees in connection with a motion to enforce the stay; however, a debtor cannot recover attorney's fees incurred *in the damages litigation* against the IRS without having filed an administrative claim for damages. Because the Hunsakers did not file an administrative claim for damages, they are precluded from recovering attorney's fees in this action. *See, e.g. In re Barcelos*, 576 B.R. 854, 856-57 (Bankr. E.D. Cal. Oct. 12, 2017) (concluding that compliance with administrative requirements imposed by the Internal Revenue Code was a condition precedent to the United States' waiver of sovereign immunity for awards of attorney's fees and costs).

Moreover, even if an administrative claim for damages was not a prerequisite to the Hunsakers' recovery of attorney's fees, the mandate in 26 U.S.C. § 7433(e)(2)(B)(i) to apply § 7430 even in a direct § 362(k) action requires that the Hunsakers meet the definition of a

"prevailing party" in § 7430(c)(4). A party "shall not be treated as the prevailing party" if the United States establishes that its position "in the proceeding was substantially justified." 26 U.S.C. § 7430(c)(4)(B). Consequently, if the United States shows that its litigation position in this court proceeding was substantially justified, then no award of costs or fees can be ordered by the Court. *Id.*

The test for determining whether the position of the IRS and the Department of Justice was "substantially justified" is to inquire whether the government's position was justified to a degree that could satisfy a reasonable person. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (interpreting a similar provision for attorney's costs and fees made under the Equal Access to Justice Act).[2] "[T]he United States' position need not be correct to be 'substantially justified'; it need only have 'a reasonable basis in law and fact.'" *Marlar, Inc. v. United States*, 151 F.3d 962, 970 (9th Cir. 1998) (quoting *Pierce*, 487 U.S. at 565 n.2); *see also Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). In fact, whether the government ultimately concedes or loses a case is not determinative of whether the government's position was substantially justified; rather, that determination is based on all of the facts and circumstances surrounding the case. *Barford v. Comm'r*, 194 F.3d 782, 786 (7th Cir. 1999); *Swanson v. Comm'r*, 106 T.C. 76, 94 (1996).

Throughout the litigation in this case, the positions taken by the United States have been substantially justified. Although this Court ultimately affirmed the judgment in favor of the Hunsakers, the United States introduced substantial evidence and extensive legal authority

---

[2] Although *Pierce* addressed the attorney's fees provision within the Equal Access to Justice Act, 28 U.S.C. § 2412(d), courts have applied the same "substantially justified" standard to cases under 26 U.S.C. § 7430. *See, e.g.*, *Marlar, Inc. v. United States*, 151 F.3d 962, 970 n.18 (9th Cir. 1998).

supporting its position that the Hunsakers had not suffered *significant* harm. Indeed, this Court initially noted that the United States "presents compelling arguments regarding the merits of the Hunsakers' claims" and that it was "skeptical" as to whether the Hunsakers met the *Dawson* standard. Additionally, the United States provided legal authority for all of the positions it took in this case, including its positions that the circumstances—receipt of four notices of intent to levy—do not make it obvious that a reasonable person would suffer significant emotional harm, *see In re Bryant*, 294 B.R. 791, 800 (Bankr. S.D. Ala. 2002) (finding no basis for emotional distress damages where the IRS sent notices), and that sovereign immunity has not been waived for an award of emotional distress damages, *see In re Rivera Torres*, 432 F.3d 20, 28 (1st Cir. 2005); *In re King*, 396 B.R. 242, 251 (Bankr. D. Mass. 2008).

The ultimate issues decided in this case required an interpretation of the numerous facts presented. If the Bankruptcy Court had accepted the interpretation of facts presented by the United States, the United States would have been entitled to judgment. Simply because the Bankruptcy Court agreed with the Hunsakers' version of the disputed facts and found in favor of the Hunsakers does not render the United States' position lacking in substantial justification. *See Wells v. United States*, 883 F. Supp. 723, 724 (M.D. Ga. 1995) (citing *Wilfong v. United States*, 991 F.2d 359, 367 (7th Cir. 1993)).

Additionally, the United States was substantially justified in appealing the adverse decision to this Court, and in defending this Court's decision on the Hunsakers' appeal to the Ninth Circuit, as, prior to the Ninth Circuit's ruling, the only circuit court to address the issue had held that sovereign immunity had not been waived for an award of emotional distress damages. Moreover, given this Court's prior skepticism, the United States was justified in continuing to present arguments related to the merits of the Hunsakers' claims on remand.

Because the position advanced by the United States throughout the litigation was substantially justified, the Hunsakers are not entitled to an award of attorneys' fees and costs.

### 3. The Amount of Attorney's Fees and Costs Claimed Is Excessive.

While it is the position of the government that the Hunsakers did not exhaust their administrative remedies and that the government was substantially justified in its position, if the Court were to order attorney's fees, the amounts listed in the Hunsakers' memorandum are excessive. Under 26 U.S.C. § 7430, the amount of attorneys' fees that can be awarded is generally limited to an hourly rate of $125.00. *See* 26 U.S.C. § 7430(c)(1)(B)(iii). This amount has been adjusted to reflect cost-of-living adjustments as follows: 1) in 2013 and 2014, the amount is capped at $190.00; and 2) in 2015, 2016, 2017, 2018, and 2019 the amount is capped at $200.00. *See* Rev. Proc. 2018-57; Rev. Proc. 2017-58; Rev. Proc. 2016-55; Rev. Proc. 2015-53; Rev. Proc. 2014-61; Rev. Proc. 2013-35; Rev. Proc. 2012-41. The Court is permitted to allow a higher rate, if special circumstances exist that justify such higher rate. Such special circumstances are not present in this case.

The Hunsakers claim an award of attorneys' fees and costs in the total amount of $149,529.50, including hourly billing rates ranging up to $795 from 2013 through 2019. The Hunsakers do not explain in their petition why they are entitled to an hourly rate higher than the $190-$200 per hour cap, other than to note that all work was performed "on a contingent basis." Because section 7430 limits attorney's fees to those actually incurred, a contingency agreement is not a basis for a heightened award; rather, it imposes a ceiling on the award of attorney's fees. *See Marre v. United States*, 38 F.3d 823, 829 (5th Cir. 1994). Here, the Hunsakers do not provide a copy of their contingency fee agreement. The Hunsakers have not established that they are

entitled to a higher hourly rate, and in any event, they cannot recover any more than the amount owed under the contingency fee agreement, which they have not yet presented.

Additionally, the request for fees and expenses incurred is excessive. Counsel's rate for travel time should be reduced. *See Priestley v. Astrue*, 651 F.3d 410, 419 (4th Cir. 2011) (compensating travel time at a reduced rate). Regarding fees claimed for discovery, the United States was forced to file two motions to compel against the Hunsakers. (Adv. Proc. No. 14-06218-fra at Dkt. ## 19, 25.) The United States requests that the Court deny the Hunsakers' request for fees and expenses for providing the required discovery. Next, the requests for fees incurred reviewing and responding to the United States' motion for summary judgment should not be allowed. The Hunsakers did not properly file a response to the United States' motion, nor was any response considered by the Bankruptcy Court. (*See generally* Adv. Proc. No. 14-06218-fra.) Finally, the Hunsakers appear to request fees for counsel's work performed in February 2016 related to their chapter 13 case generally, and not the underlying adversary proceeding specifically. These fees should also be excluded from any award.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that this Court deny the Hunsakers' motion for attorney fees, on the grounds that they did not exhaust their administrative remedies and the positions of the United States in the litigation were substantially justified. Failing that, the Court should exercise its discretion to deny the Hunsakers' petition for fees, or in the alternative, to reduce the amount of any award to reflect the allowable rate permitted by statute and to exclude the excessive fees and expenses related to travel, discovery, reviewing and responding to the United States' motion for summary judgment, and their chapter 13 case generally.

Respectfully submitted this 20th day of August, 2019.

              RICHARD E. ZUCKERMAN
              Principal Deputy Assistant Attorney General

              */s/ Yael Bortnick*
              YAEL BORTNICK
              Trial Attorney, Tax Division
              U.S. Department of Justice
              P.O. Box 683
              Washington, D.C. 20044
              202-514-6632 (v)
              202-307-0054 (f)
              Yael.Bortnick@usdoj.gov

              *Attorneys for the United States*

U.S. Opposition to Motion for Attorney Fees and Costs
(Case No. 6:16-cv-00386-MC)
Page 11 of 12

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Keith D. Karnes; kkarnes@keithkarnes.com

*/s/ Yael Bortnick*
YAEL BORTNICK
Trial Attorney
United States Department of Justice, Tax Division